### 20686. FULTON NATIONAL BANK OF ATLANTA *v.* BLOCK *et al.*

CANDLER, Justice. In its petition for interpleader which Fulton National Bank of Atlanta filed against A. W. Guthrie, Mrs. Mary D. Guthrie, Five Acre Corporation, and Business Opportunities, Inc., the latter two being Georgia corporations, and Max Block and East Estates, Inc., the former being an individual residing in New York, and the latter being a corporation with its principal office and place of business in the same state, an exhibit thereof which is by reference made a part of the petition shows: On April 15, 1958, the defendants A. W. Guthrie, Mary D. Guthrie, and Five Acre Corporation, all of Fulton County, agreed in writing to sell the defendant East Estates, Inc., and the latter agreed to purchase, certain described real estate located at 2056 Buford Highway, N. E., in Fulton County for the purchase-price of $90,000. The trade was negotiated by Business Opportunities, Inc., a real-estate broker. The contract of sale was signed by the sellers, the purchaser, and the real-estate broker. Respecting payment of the purchase price, $25,000 was to be paid on November 1, 1958, the fixed closing date, and the balance of $65,000 was to be financed by a fifteen-year 5%-interest-bearing mortgage payable to the sellers in monthly instalments of $514.02, be-

ginning December 1, 1958. The contract recites that $3,000 had been deposited in escrow with Fulton National Bank of Atlanta, as earnest money, and was to be applied by the escrow agent not later than November 1, 1958, to payment in part of the $25,000, which latter amount the purchaser agreed to pay to the sellers on consummation of the sale by the execution and delivery of a warranty deed to it from the sellers, conveying a good marketable title to the property involved, subject to valid restrictions of record, zoning ordinances affecting the property, encumbrances as therein specified, and existing leases. The contract also provides that Business Opportunities, Inc., the real-estate broker, is made a party to it for the purpose of enabling it to enforce payment of its commissions as fixed in amount by the contract in accordance with the rates set by the Atlanta Real Estate Board and the Georgia Real Estate Commission; and respecting payment of such commissions, the contract also provides that, if the sale is not consummated by November 1, 1958, because of the sellers' inability, failure, or refusal to convey a good marketable title, the purchaser will pay the full amount of such commissions, and in that event the escrow agent is expressly authorized by the contract to pay the broker its commissions from the $3,000 so deposited with it, and to pay the balance of the escrow deposit to the sellers as liquidated damages. Another exhibit to the petition is a letter from Max Block, as attorney for East Estates, Inc., to Fulton National Bank of Atlanta, which enclosed a check payable to the bank for $3,000 as such escrow agent, and it in part recites: "A contract of sale dated April 15, 1958, has been entered into between Mr. & Mrs. A. W. Guthrie, as sellers, and East Estates, Inc., as purchaser, of the Five Acre Auto Court located at the above address; said contract calls for the payment of $3,000 to be held in escrow by your bank and turned over to the seller upon the following conditions: On November 1st, 1958, or sooner, at the option of the purchaser, upon the closing of the aforesaid contract of sale provided that a properly insured title insurance policy is obtained. Should, for any reason whatsoever, title fail to close in the aforesaid transaction on November 1st, 1958, the sum of $3,000 held in trust by the Fulton National Bank shall be returned to the East Estates, Inc., upon demand by their attorney." The bank agreed in writing to the escrow terms contained in this letter

and accepted the escrow fund. The remaining exhibit of the petition is a letter from Max Block to Fulton National Bank of Atlanta, dated November 1, 1958, demanding payment of the $3,000 escrow deposit to him. This letter states: "The term of said escrow agreement calls for a return of the sum [of $3,000] should the sale fail to consummate for any reason on November 1, 1958." In addition to the facts related above, the petition alleges that the petitioner holds the $3,000 which was placed with it as an escrow agent of the parties; that the sellers (A. W. Guthrie, Mary D. Guthrie, and Five Acre Corporation) are demanding payment of it to them, basing their claim on the terms of the sale contract of April 15, 1958, and on the ground that they were on and prior to November 1, 1958, ready, willing, and able to convey to the purchaser (East Estates, Inc.) by warranty deed a good marketable title to the property described in the aforementioned sale contract, and to deliver therewith a commitment from an established title-insurance company to issue a title-insurance policy covering the realty involved; and that the purchaser (East Estates, Inc.) is demanding a return of the $3,000 to it on the ground that the sale of the property involved was not actually consummated on or before November 1, 1958. It is also alleged that the petitioner is a mere stakeholder of the escrow fund, having neither a claim to nor an interest in it; that it is wholly indifferent as to whom it should be paid; and that it desires to pay it to the persons or person entitled to receive it without hazard or future liability to itself. Among others, the petition contains the following prayers: (1) that a decree be granted requiring the defendants to interplead their respective claims to the escrow fund of $3,000 by filing appropriate pleadings in this proceeding and litigating them to a conclusion; (2) that the petitioner be authorized by proper order to pay the full amount of the escrow deposit into the registry of the court and be discharged from further liability respecting it; (3) that the defendants and each of them be temporarily and permanently enjoined from instituting any action for damages because of its refusal to pay or return it on the demands made therefor; and (4) that the court determine the amount of expenses, including attorneys' fees, which the petitioner is entitled to recover in consequence of this proceeding, who should pay the same, and render a judgment in the petitioner's favor against

the party or parties liable therefor. Max Block and East Estates, Inc., two of the defendants, orally moved to dismiss the petitition on the ground that it failed to state a cause of action for the equitable relief sought and their motion to dismiss was granted. The plaintiff excepted. *Held*:

"Whenever a person shall be possessed of property or funds, or owe a debt or duty, to which more than one person shall lay claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." Code § 37-1503. Tested by the provisions of this section of the Code, we hold that the allegations of the petition, including its exhibits, are sufficient to show that the plaintiff is entitled to have the defendants interplead in this proceeding and obtain an adjudication of their respective conflicting claims to the fund in question. And this is so since the sale contract which the sellers, the purchaser, and the broker signed contains provisions respecting payment or return of the escrow fund which are contrary to some of the provisions contained in the subsequent letter of Max Block, as attorney for East Estates, Inc., which transmitted such escrow fund to the Fulton National Bank of Atlanta; and such contradictions between the terms of the sale contract and the provisions of the letter which transmitted the escrow fund to the bank rendered the duty the escrow agent owed to the interested parties so doubtful and so uncertain that it could not with safety or without danger of liability resulting from a wrongful disbursement of the escrow fund comply with the demand of either party, and it was therefore legally entitled to have the parties interplead in this proceeding and by judgment settle and determine their respective claims to the escrow fund. See *Cannon* v. *Williams*, 194 *Ga.* 808 (22 S. E. 2d 838); and *Sanders* v. *Progressive Life Ins. Co.*, 212 *Ga.* 674 (94 S. E. 2d 871).

*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 10, 1959—DECIDED JANUARY 8, 1960.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Thomas C. Shelton,* for plaintiff in error.

*Joseph J. Fine, D. W. Rolader, Ezra Phillips, Robert T. Speir,* contra.